IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:01-CR-74-BO
No. 5:12-CV-375-BO

| | |
|---|---|
| DAVID TERAY SANDERS )<br>Petitioner, )<br>v. )<br> )<br>UNITED STATES OF AMERICA )<br>Respondent. ) | ORDER |

This cause comes before the Court on petitioner's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [DE 47]. In his motion, petitioner, Mr. Sanders, contends that he is no longer a career offender in light of *United States v. Simmons*, 649 F.3d. 237 (4th Cir. 2011) (en banc). The government opposes Mr. Sanders' motion to vacate [DE 55].

## BACKGROUND

Mr. Sanders was sentenced by this Court on December 21, 2001, to 210 months' imprisonment following his plea of guilty to a criminal information charging conspiracy to distribute and possess with intent to distribute cocaine base in violation of 21 U.S.C. §§ 841(a)(1) and 846. Mr. Sanders did not file a direct appeal. The Court later reduced Mr. Sanders' sentence to a term of 100 months' imprisonment on a motion by the government pursuant to Rule 35 of the Federal Rules of Criminal Procedure. Mr. Sanders was released following the expiration of his active sentence but was arrested on December 21, 2010, for failing to abide by his conditions of release. The Court imposed a sentence of 24 months' imprisonment for his violations of the supervised release conditions. Mr. Sanders' § 2255 motion was filed with the Court on February 29, 2012; Mr. Sanders' § 2255 motion on the

correct form was filed with the Court on July 9, 2012.

## DISCUSSION

The government contends, *inter alia*, that Mr. Sanders' motion is untimely. A motion under 28 U.S.C. § 2255 must be filed within one year of the latest of four triggering events: (1) the date the judgment of conviction becomes final, (2) the date on which an impediment to making a motion that is created by the government is removed, (3) the date the Supreme Court initially recognizes a right that is made retroactively applicable to cases on collateral review, or (4) the date on which new facts are discovered through the exercise of due diligence to support a claim. 28 U.S.C. § 2255(f)(1)-(4). Mr. Sanders argues that his motion is timely under § 2255(f)(3).

Mr. Sanders' petition is untimely under § 2255(f)(3). As the Fourth Circuit has recently held, the rule announced in *Carachuri-Rosendo v. Holder*, ___ U.S. ___, 130 S.Ct. 2577 (2010), upon which Mr. Sanders' motion relies, is procedural and is not retroactively applicable to cases on collateral review. *United States v. Powell*, 691 F.3d 554, 561 (4th Cir. 2012). Equitable tolling is therefore also unavailable to toll the period between the Supreme Court's opinion in *Carachuri-Rosendo* and the Fourth Circuit's application of *Carachuri-Rosendo* in *Simmons*.

Mr. Sanders' motion is also untimely under § 2255(f)(4). Although "facts" in this context have been held to include court rulings and the legal consequences of known facts, *Johnson v. United States*, 544 U.S. 295, 308-09 (2005), the court ruling or legal consequence must have occurred in the petitioner's *own case*; in other words, court decisions that clarify the law as opposed to the facts supporting a particular petitioner's habeas claim may not serve as triggering events for purposes of the one-year limitations period. *Shannon v. Newland*, 410 F.3d 1083,

2

1088-89 (9th Cir. 2005); *see also Lo v. Endicott*, 506 F.3d 572, 575 (7th Cir. 2007). Mr. Sanders has pointed to no court order entered in his own case or other newly discovered fact that might serve as a basis for triggering the limitations period under § 2255(f)(4). As the Court is unaware of any other basis upon which to find the petition timely under the remaining provisions of § 2255(f), and Mr. Sanders has alleged no other circumstances that would warrant equitable tolling, *Rouse v. Lee*, 339 F.3d 238, 246 (4th Cir. 2004), the Court must dismiss Mr. Sanders petition as untimely.[1]

## Certificate of Appealability

Rule 11 of the Rules Governing Section 2255 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and the government is entitled to dismissal of the petition, the Court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealabilty may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show

---

[1] Furthermore, even if Mr. Sanders' petition were deemed timely filed, Mr. Sanders would likely not be entitled to relief. Generally, errors in the application of the Sentencing Guidelines cannot be raised in a subsequent § 2255 motion barring extraordinary circumstances. *United States v. Pregent*, 190 F.3d 279, 284 (4th Cir. 1999). Because career offenders cannot receive sentences in excess of their statutory maximum, those petitioners cannot rely on *Carachuri* to obtain relief under 28 U.S.C. § 2255. *Powell*, 691 F.3d at 563 n.2 (King, J., dissenting in part and concurring in the judgment in part).

3

the issue is adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 336-38 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" *Rose v. Lee*, 252 F.3d 676, 684 (4th Cir. 2001) (quoting *Slack*, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." *Slack*, 529 U.S. at 484-85.

After reviewing the claims presented in the petition in light of the applicable standard, the Court finds that the issue of timeliness is adequate to deserve encouragement to proceed further. Therefore, the Court hereby ISSUES petitioner a certificate of appealability as to a review of the finding that the petition is untimely.

## CONCLUSION

Accordingly, for the reasons discussed above, petitioner's motion to vacate pursuant to 28 U.S.C. § 2255 is DENIED and this action is DISMISSED. The Court ISSUES petitioner a certificate of appealability as to a review of the finding that the petition is untimely.

SO ORDERED, this __16__ day of October, 2012.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE